110 F.3d 63
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert Allen GABEHART, Plaintiff-Appellant,
v.
Walter B. CHAPLEAU; William Lasley; Dr. E.M. Camacho; Dr.
M.L. Rishi; Phyllis Stewart; Juanice Huffman,
Defendants-Appellees,
Donna Debrew; Lt. Crouch; R. Baugh; J. Kamuf; A. Smith,
Defendants.
 No. 96-5050.
 United States Court of Appeals, Sixth Circuit.
 April 4, 1997.
 
 Before: WELLFORD, RYAN, and DAUGHTREY, Circuit Judges.
 RYAN, Circuit Judge.
 
 
 1
 Robert Allen Gabehart filed this complaint, pursuant to 42 U.S.C. § 1983, alleging that the defendants' treatment of his medical condition violated the Fifth, Eighth, Ninth, and Fourteenth Amendments. Defendants Walter Chapleau, William Lasley, Dr. E.M. Camacho, Dr. M.L. Rishi, and Phyllis Stewart moved for summary judgment. The district court granted their motion and Gabehart appeals. For the reasons that follow, we affirm the judgment of the district court.
 
 I.
 
 2
 On May 11, 1992, while serving a six-year sentence for burglary and receipt of stolen property, Gabehart presented himself for "sick call" at the Reoderer Correctional Complex in LaGrange, Kentucky. Gabehart complained of pain in his back and difficulty with urination. Over the course of the next several weeks, Gabehart's condition deteriorated. During this time, Dr. Camacho, Dr. Rishi, and Stewart, a registered nurse, participated in Gabehart's treatment. On June 24, 1992, Gabehart was removed to the hospital in LaGrange. After an examination, he was sent to the University of Louisville Hospital, where he underwent emergency surgery to remove a tumor from the base of his spine.
 
 
 3
 There are no significant disputes regarding the course of Gabehart's treatment between May 11 and June 24, 1992, and we will not recite these facts in any great detail. The record reveals that every time that Gabehart complained of pain, numbness, constipation, or other physical problems ultimately attributable to his tumor, he was examined and some treatment was ordered. At various times, Dr. Camacho or Dr. Rishi examined Gabehart's abdomen, back, prostate, flexibility, reflexes, lower extremity sensation, urine, and bowel sounds. Gabehart was diagnosed initially with a urinary tract infection, later with prostatitis, and finally with a lumbar strain. In response to these diagnoses, he was given, among other things, several urinalysis tests, light duty work, hot towels, numerous medications, and pain relievers.
 
 II.
 A.
 
 4
 Gabehart did not, and does not now, object to the dismissal of his claims against Chapleau and Lasley. Additionally, Gabehart has never explained the theory of or the basis for his claims under the Fifth and Ninth Amendments. Instead, he has consistently framed his complaint in terms of the Eighth Amendment's prohibition against cruel and unusual punishment, as applied to state actors by the Fourteenth Amendment. Accordingly, we review only Gabehart's claim that Dr. Camacho, Dr. Rishi, and Stewart were deliberately indifferent to his medical condition, in violation of the Eighth and Fourteenth Amendments. All other claims against the parties to this appeal have been abandoned.
 
 B.
 
 5
 It is "elementary" that the state is "obligat[ed] to provide medical care for those whom it is punishing by incarceration." Estelle v. Gamble, 429 U.S. 97, 103 (1976). A "deliberate indifference to [the] serious medical needs of [a] prisoner[ ] constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." Id. at 104 (citation and internal quotation marks omitted).
 
 
 6
 In order to meet the deliberate indifference standard, Gabehart must establish not only that he had a sufficiently serious medical condition, but also that the defendants "kn[ew] of and disregard[ed]" his condition; "[i]t is not enough merely to find that a reasonable person would have known, or that the defendant should have known" of the serious risk to Gabehart's health. Farmer v. Brennan, 114 S.Ct. 1970, 1979, 1982 n. 8 (1994). Thus,
 
 
 7
 a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.
 
 
 8
 Estelle, 429 U.S. at 106.
 
 
 9
 It is clear, in hindsight, that Gabehart was misdiagnosed on several occasions and that, as a result, his course of treatment was inadequate and he suffered considerably. It may even be the case, as Gabehart's expert witnesses testified, that the treatment Gabehart received fell below professional standards. Misdiagnoses, negligence, and malpractice are not, however, tantamount to deliberate indifference.
 
 
 10
 We have carefully reviewed the record in this case and we are left with no doubt that it does not contain sufficient evidence to permit a reasonable jury to conclude that Dr. Camacho, Dr. Rishi, or Stewart knew or suspected that Gabehart's condition was as serious as it proved to be. Without evidence from which a jury could infer that the defendants "consciously disregard[ed] a substantial risk of serious harm" to Gabehart, Farmer, 114 S.Ct. at 1980 (citation, brackets, and internal quotation marks omitted), there can be no finding that the defendants' treatment of Gabehart constituted cruel and unusual punishment.
 
 
 11
 Although there is some evidence to suggest that the medical care Gabehart received was negligent, the record overwhelmingly demonstrates that Dr. Camacho, Dr. Rishi, and Stewart considered and treated Gabehart's complaints with an attentiveness that falls far short of deliberate indifference.
 
 III.
 
 12
 Accordingly, the judgment of the district court is AFFIRMED.